UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS,
LOCAL LODGE 759, DISTRICT LODGE 112,
AFL-CIO,

      Plaintiff,

vs.                                            Case No.  3:05-cv-1083-J-32MCR

P&B TRANSPORT, a subsidiary of P.B.S.
ENTERPRISES, INC., of GA.,

      Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on the Motion for Protective Order and to Quash Subpoena (Doc. 71) filed by non-party, Laster Walker, on November 2, 2007. Plaintiff filed its response to the motion on November 9, 2007 (Doc. 76). Accordingly, the motion is now ripe for judicial review.

## I. **BACKGROUND**

The instant case was an action to confirm an arbitration award pursuant to a collective bargaining agreement between the parties. (Doc. 1). On February 20, 2007, judgment was entered in favor of Plaintiff and against Defendant, P&B Enterprises ("P&B") confirming the arbitration award and awarding back pay in the amount of $72,549.26, with interest. (Doc. 56). On July 24, 2007, Plaintiff was awarded attorneys'

fees in the amount of $43,191.25. (Doc. 66). According to Plaintiff, P&B has failed to pay any portion of the judgment.

Plaintiff also claims that during the course of the litigation, Laster Walker appeared as the representative for P&B at several court proceedings. Additionally, Plaintiff alleges that Walker was "cloaked with at least apparent authority to bind P&B when P&B was providing paratransit services to the JTA, and when P&B incurred the debt owed herein" as Walker endorsed checks payable to P&B during that time period. (Doc. 76, p.4). Plaintiff also notes that Walker signed (as the owner of P&B) a fictitious name designation for P&B with the state of Florida. Id. Further, Plaintiff points out that another corporation, Owl, Inc., filed documents with JTA in an effort to take over P&B's contract with JTA. According to Plaintiff's these documents show that Walker is the sole shareholder and officer of Owl, Inc. and that Owl, Inc. sought to be treated by JTA as the successor of P&B for the contract with JTA. The address for Owl, Inc. is the same address as P&B and in August 2007, employees of P&B suddenly began receiving their paychecks from Owl, Inc.

On October 26, 2007, Walker was served with a subpoena to produce documents at a deposition scheduled for November 9, 2007. (Doc. 71, Ex. A). The subpoena lists twenty-three categories of documents, mostly seeking financial documents. Id. On November 2, 2007, Walker filed the instant motion, asking the Court to enter a protective order preventing the deposition or, in the alternative, limiting to deposition to issues not involving Walker's personal financial information and quashing the subpoena. (Doc. 71). The Court entered an Order cancelling the

deposition scheduled for November 7 until after the Court ruled on the instant motion. (Doc. 72). Plaintiff filed its response to the Motion on November 9, 2007, arguing that it is attempting through discovery to determine the extent to which Walker and Owl, Inc. may be successors to P&B and the extent to which Walker may be the alter ego of P&B and therefore, liable for its debts. (Doc. 76).

## II. ANALYSIS

As an initial matter, Walker argues the subpoena should be quashed because it is improper to seek personal financial information from a non-party. (Doc. 71, pp. 2-3). In support of this contention, Walker cites Hill v. Doughty, 765 So. 2d 66 (Fla. 4th DCA 2000). However, the court in Hill only found that the subpoena against the non-parties was improper because the judgment creditor failed to present any evidence to support a relationship between the judgment debtor and the non-parties. Id. In this case, Plaintiff has presented ample evidence showing relationships between Walker and P&B, Walker and Owl, Inc. and P&B and Owl, Inc. As such, the Court will not quash the subpoena on this basis.

Rule 45(c) of the Federal Rules of Civil Procedure permits a court to quash or modify a subpoena if it "subjects a person to undue burden." Rule 45(c)(3)(iv), Fed.R.Civ.P. As the party moving to quash the subpoena, Walker must show the subpoena subjects him to undue burden. Sherwood v. Michelin North America, Inc., 2007 WL 431090 *2 (M.D. Ga. 2007) (citing, Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004)). Walker has failed to provide the Court with anything more than conclusory statements, such as "[t]he [s]ubpoena is an annoyance and is

overburdening." (Doc. 71, p.2). This is insufficient to satisfy Walker's burden and therefore, the Court will not quash the subpoena on the ground that it subjects Walker to undue burden. See Sherwood, 2007 WL 431090 at *2 (denying motion to quash subpoena because plaintiff provided the court with only "vague averments" and therefore "failed to meet his burden").

Finally, to the extent Walker seeks a protective order, Rule 26(c) of the Federal Rules of Civil Procedure allows courts to enter protective orders for good cause shown in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). One seeking a protective order carries the burden of showing good cause and/or the right to be protected. See U. S. v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). This burden "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Garrett, 571 F.2d at 1326, n.3 (citations omitted). In the instant case, Walker has the burden of showing good cause for the entry of a protective order and once again, Walker has not satisfied this burden. Walker has not articulated to the Court with any level of specificity what information needs to be protected and why. Instead, Plaintiff simply takes the position that the subpoena seeks irrelevant information; improperly seeks personal financial information, even though no judgment has been entered against Mr. Walker; is an annoyance and is overburdening. (Doc. 71, p.2). The Court disagrees. Plaintiff has provided the Court with sufficient information for the Court to believe the information sought is relevant. As such, the Court will deny Walker's request for a protective order at this time.

Accordingly, the Court will deny Walker's Motion for Protective Order and to Quash Subpoena (Doc. 71) and allow Plaintiff to obtain the documents requested in the subpoena. Walker is directed to provide the information requested at the time of the deposition. The attorneys for Plaintiff and Walker shall confer and agree upon a time for the deposition without further Court intervention.

After due consideration, it is

**ORDERED**:

Non-party, Laster Walker's Motion for Protective Order and to Quash Subpoena (Doc. 71) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  19th  day of November, 2007.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record