UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS,
LOCAL LODGE 759, DISTRICT LODGE 112,
AFL-CIO, STEPHEN D. OWENS, Arbitrator,

    Plaintiffs,

vs.                                                        Case No.  3:05-cv-1083-J-32MCR

P&B TRANSPORT, a subsidiary of P.B.S.
ENTERPRISES, INC., of GA., LASTER B.
WALKER, PAUL N. SMITH, OWL, INC., a
Florida Corporation,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Default (Doc. 104) filed September 12, 2008.  Plaintiff asks the Court for entry of a default by the Clerk pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against Defendants, P&B Transport and Paul N. Smith.

On October 19, 2005, Plaintiff, International Association of Machinists and Aerospace Workers (the "Union") filed a complaint against Defendant, P&B Transport ("P&B") to confirm the arbitration award of Arbitrator, Stephen D. Owen, ordering P&B to reinstate three employees and pay them back pay.  (Doc. 1).  On August 14, 2006, this Court confirmed the arbitrator's order and remanded the case to the arbitrator for a calculation of back pay.  (Doc. 32).  The arbitrator determined the amount of back pay

and the Court confirmed it on February 20, 2007.  (Doc. 55).  Additionally, on June 5, 2007, the Court found the Union was entitled to an award of attorneys' fees.  (Doc. 65). On April 21, 2008, the Union and Arbitrator Stephen Owens filed an Impleader Complaint against P&B, Laster B. Walker, Paul N. Smith and Owl, Inc. claiming that the three new defendants treated P&B as being interchangeable with their personal finances and that Owl, Inc. was a successor to P&B.  (Doc. 91).  Neither P&B nor Paul Smith ever filed an answer to the Impleader Complaint and therefore, Plaintiffs now seek entry of a clerk's default against both.

Rule 55(a) provides for the entry of a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  An order for entry of default is within the discretion of the Court.  Marschhauser v. Travelers Indemnity Co., 145 F.R.D. 605, 610 (S.D. Fla. 1992).  In order to obtain entry of a clerk's default, a plaintiff must first effect service of the summons and the complaint properly on the defendant within 120 days of the filing of the action as required by Rule 4(m).  See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) (finding that "service of process must be effective under the Federal Rules of Civil Procedure before a default ... may be entered against a defendant.") (citations omitted).

Rule 4(e) of the Federal Rules of Civil Procedure provides that service of process of the summons and complaint may be made on an individual defendant: (1) pursuant to state law in which the district court is located or in which service is effected, (2) by delivering a copy of the summons and complaint to the individual defendant personally, (3) by leaving a copy of the summons and complaint at the individual defendant's

dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or (4) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.  Rule 4(h) of the Federal Rules of Civil Procedure provides that service of process of the summons and complaint may be made on a corporation by: (1) delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant; or (2) in the manner prescribed by Rule 4(e)(1), which allows for service pursuant to state law in which the district court is located or in which service is effected.

Upon review of the Court record, the Court notes that summonses were issued on April 24, 2008 as to Paul Smith and Owl, Inc.  Additionally, a return of service indicates that service was effectuated upon both Paul Smith and P&B on May 1, 2008 by personally delivering a copy of the summons and complaint to Paul Smith.  With respect to Defendant, Paul Smith, the Court is convinced service was properly effectuated.  A summons was issued to Mr. Smith and the affidavit of service indicates he was personally served on May 1, 2008.  Accordingly, a clerk's default may be entered against Mr. Smith.  However, the Court is not equally convinced that P&B was properly served.  The docket does not reveal that a summons was ever issued for P&B.  As Rule 4(a) provides, "[a] summons must . . . be directed to the defendant."  Rule 4(a), Fed.R.Civ.P.  Plaintiffs have offered nothing to show that such a summons was ever

issued. Furthermore, the return of service indicates service was effectuated upon Paul Smith for P&B.  Plaintiffs' Motion provides no information to the Court on the relationship between Mr. Smith and P&B so that the Court could determine whether service upon Mr. Smith was proper.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiffs' Motion for Default (Doc. 104) is **GRANTED** insofar as the Clerk shall enter a default against Paul Smith and **DENIED without prejudice** with respect to Plaintiff's request for a clerk's default against P&B.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  30th   day of October, 2008.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record